DAUKSCH, Judge.
This is an appeal from a final judgment in a property boundary dispute. The trial court determined that appellants’ property should be surveyed from the center of the streets abutting the property. We find this to be error.
The description in the instrument conveying the property determines the boundaries of the property. Appellants’ deed reads:
The North 150 feet of the West 200 feet, Block 69, M.M. Smith Subdivision, according to plat thereof recorded in Plat Book 1, page 55, Seminole County Public Records.
Appellants’ land description is specifically excluded from appellees’ land description which is:
Block 69, M.M. SMITH SUBDIVISION, according to the plat thereof as record in Plat Book 1, Page 55, of the Public Records of Seminole County, Florida; less the south 200 feet thereof; and also less the north 10 feet of the east 270 feet thereof; and also less the north 150 feet of the west 200 feet thereof; and also less road rights of way.
The deeds do not describe the property by reference to the streets and the streets are not identified as the boundaries for the block. The block is established by the recorded subdivision plat which clearly shows the boundaries of Block 69 at the sideline of the street, not the center. See 1 Fla. Jur.2d Adjoining Landowners § 28 pp. 481-482; see also Dial Communications, Inc. v. Hurst, 536 So.2d 258, 260 (Fla. 1st DCA 1988) (plat depicts lot boundary lines as starting at the easement boundary at the edge of the streets). Appellants are entitled to a final judgment in their favor because the northwest corner of their lot is the northwest comer of Block 69 as depicted on the plat and their lot should be sur *330 veyed from the sidelines of the streets abutting Block 69.
REVERSED and REMANDED.
SHARP, C.J., and COWART, J., concur.